IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REGINA S. MAESTAS,

    Plaintiff,

vs.                                                   Civ. No. 01-1080 WWD/LFG ACE

WALGREEN DRUG STORE NO. 1820,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, of the Claims of Negligent Hiring, Retention, and Supervision (Docket # 38) filed June 3, 2002.

**Defendant's Contentions.**

Defendant makes numerous assertions which it categorizes as "undisputed material facts" with supporting references to the complaint herein or Plaintiff's deposition[1].

According to Defendant, the undisputed facts are as follows:

(1) Plaintiff was employed as a clerk at Walgreen Drug Store No. 1820 from August 21, 1997, until March 31, 2000; and (2) she was similarly employed at Walgreen Drug Store No. 0012 from April 13, 2000, until, according to Plaintiff, she voluntarily abandoned employment on June 19, 2000. (3) During the times material to this action, Albert Chavez was the assistant manager and Robert Torres was the store manager at Walgreens Drug Store No. 1820. (4) Plaintiff was late for work on numerous occasions as documented in her personnel file. (5) Plaintiff received a written warning for her excessive tardiness on

---

[1] No pages of the cited deposition are included with the motion, and the four pages attached to the Reply are not those referred to in the motion; however, as indicated below, Defendant's deposition references will be allowed.

-1-

April 11, 1998. (6) Plaintiff met with Albert Chavez on September 10, 1999, to discuss her tardiness problem. (7) On November 6, 1999, Plaintiff was suspended by either Robert Torres or Albert Chavez for three days as a result of her continuing tardiness despite verbal and written warnings. (8) Plaintiff admits that she was late for work once again on March 31, 2000, the date of the incident in question. (9) Plaintiff's employment with Walgreens was temporarily suspended until she reported the incident to Robert Torres, the general manager, on April 10, 2000. (10) Plaintiff was unable to report the incident to Mr. Torres until that date because he had been on vacation at the time of the incident in question. (11) On April 10, 2000, the date that Plaintiff informed Robert Torres of her termination, she also informed him for the first time of the allegedly unlawful physical contact by Albert Chavez. (12) On that date, Plaintiff was informed that she could transfer to another Walgreens store, which she did, resulting in her relocation to the Walgreens at the Snowheights location on April 13, 2000. (13) On May 9, 2000, Plaintiff was given a verbal warning by her manager at her new store. (14) On June 19, 2000, Plaintiff's position is that she voluntarily abandoned her employment with Walgreens.

**Plaintiff's Contentions.**

Plaintiff with supporting references to attached un-highlighted pages (refer to D.N.M.-LR-Civ. 10.6) of Plaintiff's depositions makes the following assertions as to "uncontested facts", to wit:

(1) On or about March 23, 2000, Plaintiff's supervisor, Albert Chavez, kicked her between her legs from the rear when she bent down to pick up a pen. (2) Plaintiff attempted to report the incident immediately, but was told that her employer was "out" of the forms for making a report. (3) The Assistant Manager, Albert Chavez, terminated Plaintiff from her employment at the Tramway store on March 30, 2000 before Plaintiff could report the incident to the Manager. (4) When the Manager, Robert Torres, returned on April 10, 2000, Plaintiff told him what had happened and Torres told Plaintiff it was too late to file a complaint. (5) Plaintiff found another job at Defendant's Snowheights store through her own efforts and not through the intervention of the Manager.

Plaintiff also challenges a number of the assertions made by Defendant in its "undisputed" facts numbered 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14; citing deposition references in support of her challenges.

**Discussion.**

There are numerous factual disputes between the parties and some of these disputes are "material" and might well be pivotal points in this litigation. However, Plaintiff makes no showing whatsoever that Defendant was in any way negligent in its hiring practices. The fact that one of Defendant's agents may have battered Plaintiff does not indicate any deficiency in Defendant's hiring practices unless Defendant had some prior knowledge of the bad actor's dangerous propensities or Defendant failed to conduct a reasonable investigation before hiring the bad actor. In short, no such allegation is made much less proved. Accordingly, the claim of negligent hiring should be dismissed. The apparent facts of the case are such that different inferences could be drawn with respect to the allegations of negligent retention and supervision. Here Defendant's manager has actual knowledge of a situation which needed to be addressed and remedied, and the manager did little except to get Plaintiff out of his store. Under the circumstances a jury might well infer that Defendant, through its agents and employees, was acting in a negligent or even reckless, fashion by failing to address the "kicking" incident when it was orally reported to Mr. Torres. The claims of negligent retention and supervision should not be dealt with in summary fashion, they should be presented to the trier of fact.

This is the second motion in this law suit I have addressed recently. In the first motion, Plaintiff filed an incomplete response. In both motions the Defendant inserted a footnote which indicated the incorporation by reference of certain deposition materials which were attached to Defendant's "Motion to Dismiss...Claims of Breach of Implied Contract, [etc.]...", yet another motion filed on June 3, 2002 as Docket #37. Until July 1, 2002, D.N.M.-LR-Civ. 7.1(a) did not allow incorporating a document by reference without permission of the Court. Revised rule 7.1(a) became effective July 1, 2002, and it allows the type of incorporation by reference

Defendant would utilize in her footnotes in this and the previous motion I have addressed. Defendant's logic in anticipating the rule change is apparent: Why should deposition pages be filed three or four times in connection with multiple motion filings if one time would suffice?  In the instant motion, Defendant is permitted to incorporate by reference the portions of Plaintiff's deposition sought to be used in Defendant's brief.  I will readdress my ruling in Defendant's Motion to Dismiss...the Claim of Retaliatory Discharge (Docket #39) elsewhere.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's claim of negligent hiring as set out in Count VII of Complaint is **DISMISSED.**

**IT IS FURTHER ORDERED** that in all other respects Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, of the Claims of Negligent Hiring, Retention and Supervision (Docket # 38) filed June 7, 2002, is **DENIED.**

_____
**UNITED STATES MAGISTRATE JUDGE**